OPINION
Appellant Joseph Chambers, Sr. appeals the decision of the Court of Common Pleas, Tuscarawas County, Juvenile Division, granting permanent custody of his two minor children to the Tuscarawas County Department of Human Services ("TCDHS"). The relevant facts leading to this appeal are as follows. Appellant is the father of Joseph Chambers II, born June 23, 1992, and Margareax Chambers, born March 22, 1995. Appellant has been separated from Lisa Chambers, the mother of Joseph II and Margareax, since 1994. TCDHS has been involved in the provision of services for these children, as well as Lisa's two other minor children, Anastasha Ortego and Genevieve Houston, since approximately January, 1997. On February 10, 1998, all four children were placed in the temporary custody of TCDHS. On September 17, 1998, TCDHS moved the court to modify temporary custody of Anastasha, Joseph, and Margareax to permanent custody. A hearing was held before the magistrate on March 18 and 19, 1999. In a decision dated April 2, 1999 the magistrate awarded permanent custody of all four children to TCDHS. The court adopted the magistrate's decision without objection on April 19, 1999. Appellant filed his notice of appeal on May 18, 1999. Appellant herein raises the following two Assignments of Error:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DETERMINED BY CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY TO THE TUSCARAWAS COUNTY DEPARTMENT OF HUMAN SERVICES WAS IN THE BEST INTERESTS OF THE CHAMBERS CHILDREN.
 II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DETERMINED BY CLEAR AND CONVINCING EVIDENCE THAT THE CHAMBERS CHILDREN COULD NOT (SHOULD NOT) BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME.
 I, II
Appellant challenges the trial court's conclusions regarding the best interests of his children and the determination that they could not be placed with him within a reasonable time. However, we are unable to address appellant's arguments in this appeal due to his failure to timely file objections to the magistrate's decision. Civ.R. 53(E)(3)(a) provides that a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v. Robinson (January 27, 1997), Stark App. No. 96CA303, unreported; Kademenos v. Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50, unreported. We note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." See R.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737, unreported; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422, unreported. However, the Supreme Court has cautioned against the overapplication of plain error analysis: We do not hold that application of the plain error doctrine may never be appropriate in civil cases. However, we do reaffirm and emphasize that the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. (Emphasis omitted.) Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122.
The plain error doctrine has been used with regard to permanent custody proceedings. See In re Rose (Feb. 24, 1986), Delaware App. No. 85-CA-16, unreported. However, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Awkal (1994), 95 Ohio App.3d 309, 316. Upon review of the record and lengthy transcript in the matter sub judice, including the testimony of nine different witnesses called by TCDHS in support of its case, we are unable to justify invoking the doctrine of plain error under these circumstances. Goldfuss, supra. Therefore, appellant's failure to file an objection to the magistrate's report in the trial court constituted a waiver of any alleged error resulting from the magistrate's report under the facts and circumstances of this case. Appellant's Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Juvenile Division, is affirmed.
GWIN, P.J. and WISE, J. CONCUR.